UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TEVIN LAMAR HARPER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KNOX, SHERIFF TOM SPANGLER, ROGER D. WILSON DETENTION FACILITY, STATE OF TENNESSEE, and OFFICER BORING,<br><br>Defendants. | ) | No. 3:26-CV-330-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate of the Knox County Detention Facility, filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 regarding a slip and fall incident and the lack of adequate medical care thereafter [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Clerk has also docketed a certified document indicating the balance of Plaintiff's inmate trust account [Doc. 6], that Plaintiff filed in his related action, *Harper v. Knox County, et al.*, 3:26-CV-331.[1] For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a plausible claim for violation of § 1983.

[1] At the same time he filed this action, Plaintiff filed a related action alleging that the same incidents underlying his complaint herein violated the Federal Tort Claims Act ("FTCA"). *Id.* at Doc. 2. The Court dismissed that related action for failure to state a claim and as duplicative. *Id.* at Docs. 8, 9.

## I. FILING FEE

As the relevant filings in the record [Docs. 1, 6] demonstrate that Plaintiff cannot pay the filing fee upfront, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and he is **ASSESSED** the civil filing fee of $350.00. The custodian of his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, 20% of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language

in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" do not state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff alleges in relevant part that Officer Boring violated supervisor orders, violated jail policy, and failed to prevent risks to Plaintiff's safety when this defendant did not ensure that the food tray slots in maximum security pod 1-D were locked shut during mandatory 30-minute checks on his shift between 7 and 10 p.m. on May 20, 2026 [Doc. 2, pp. 6, 8, 10, 12, 14]. As a result, inmates threw water-filled gloves out of the food tray slots during this time [*Id.* at 8, 10]. The water leaked out of the gloves onto the floor, and between 2 and 4 p.m. on May 21, Plaintiff slipped and fell in the water, which injured his knee and back [*Id.* at 10].

Two days later, "the same injured knee gave out," and Plaintiff hit his head on the wall when he fell [*Id.* at 11]. But medical staff did not follow concussion protocol, denied

Plaintiff Band-aids and ointment for his knee, forced Plaintiff to wrap his knee in saran wrap and a bath towel, forced Plaintiff to sit on a metal bench without elevation of his knee despite his pain, denied Plaintiff crutches and had him walk 75–130 feet to his cell with officer assistance, were "rough" with Plaintiff's knee, and applied a bandage to Plaintiff's knee without first applying Neosporin and Band-aids [*Id.*]. Plaintiff also generally claims that he did not receive timely medical care and "was left to doctor [his] own wounds" despite not having medical training [*Id.* at 14].

Plaintiff classifies these events as violations of his rights under § 1983 [*Id.* at 4]. Plaintiff has sued the Roger D. Wilson Detention Facility, Officer Boring, Knox County Sheriff Tom Spangler, Knox County, and the State of Tennessee, and he states that he sues all defendants in their official and individual capacities [*Id.* at 2, 3, 7, 8].

### C. Analysis

#### 1. Roger D. Wilson Detention Facility

First, while Plaintiff has sued the Roger D. Wilson Detention Facility, this is not an entity subject to suit under § 1983. *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). As such, this defendant is **DISMISSED**.

#### 2. Knox County

As set forth above, Plaintiff has also sued Knox County. However, the complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a

plausible § 1983 claim against it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). As such, Defendant Knox County is also **DISMISSED**.

**3. State of Tennessee**

Plaintiff additionally sued the State of Tennessee. But even if the Court could plausibly infer from the complaint that the State of Tennessee is in some way responsible for running the Knox County Detention Facility, which it cannot, the State of Tennessee also is not an entity subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"). Accordingly, this defendant is also **DISMISSED.**

**4. Individual Defendants**

**A. Official Capacity Claims**

Plaintiff's claims against Sheriff Spangler and Officer Boring in their official capacities are actually claims against Knox County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But as set forth above, the complaint does not plausibly allege that Knox County may be liable under § 1983 for the incidents in the complaint. Accordingly,

Plaintiff's official capacity claims against the individual defendants are **DISMISSED** for the same reason the Court dismissed Knox County.

### B. Individual Capacity Claims

#### i. Sheriff Spangler

Plaintiff also seeks to hold Sheriff Spangler liable for the incidents in the complaint in his individual capacity. However, nothing in Plaintiff's complaint supports a plausible inference that Sheriff Spangler was personally involved in, authorized, approved, or acquiesced to any violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Troutman v. Louisville Metro. Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted). Moreover, Sheriff Spangler cannot be liable under § 1983 for the actions of jail employees based solely on his supervisory position. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Accordingly, Plaintiff's claims against Sheriff Spangler in his individual capacity are also **DISMISSED**.

### ii. Officer Boring

Plaintiff seeks to hold Defendant Officer Boring liable under § 1983 for his alleged failure to ensure that food tray slots in a maximum-security pod were locked during a shift, which Plaintiff claims led to water being on the floor in a manner that caused him injuries, for which he was denied appropriate medical care.

For purposes of screening Plaintiff's complaint, the Court presumes that Plaintiff is a pretrial detainee. *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 599 (6th Cir. 2025) ("Corrections officers must protect convicted prisoners from harm under the Eighth Amendment, and they must protect pretrial detainees from harm under the Due Process Clause.") (citation omitted); *Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment" (citations omitted)). Thus, for Plaintiff's complaint to plausibly allege that Officer Boring violated his constitutional rights, Plaintiff must set forth facts indicating that this defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

As to Plaintiff's allegation that Officer Boring's failure to ensure that the food tray slots in a certain pod were locked shut, and this omission resulted in water being on the floor and causing Plaintiff to sit, courts have consistently held that even where a slick or wet floor is known to or reasonably foreseeable by a jail official, that condition does not rise to the level of a constitutional violation. *Robinson v. Well Path*, No. 3:22-CV-102,

2022 WL 2070887, at *3 (M.D. Tenn. June 8, 2022) (citing *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) ("Federal courts have consistently held that slippery prison floors and icy walkways do not give rise to a constitutional violation.") (collecting cases) and *Swartz v. Hurt*, No. 91-3756, 1992 WL 21557 (6th Cir. Feb. 10, 1992) (finding that where the plaintiff alleged "the defendants had been aware for a number of months that the heater leaked and that this created a dangerous situation, but . . . nevertheless persistently refused to repair the heater," the plaintiff had at best "alleged the existence of unsafe living conditions and the negligence of the defendants in exposing him to injury," that was only actionable under state law); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (finding prisoner's "slip-and-fall claim" failed to state constitutional claim). Accordingly, the complaint fails to state a claim for violation of § 1983 against Officer Boring arising out of the alleged slip and fall incident.

Also, while Plaintiff does not appear to seek to hold Officer Boring liable for the alleged denial of appropriate medical care, to the extent that he does so, the complaint does not allow the Court to plausibly infer that this Defendant may be liable under § 1983 for these allegations. *Frazier*, 41 F. App'x at 764.

As such, Plaintiff's claims against Officer Boring in his individual capacity are also **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in Plaintiff's favor, it fails state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE